506 A.2d 485

Abington School District, Appellant *v.* William G. Pacropis, Appellee.

Argued February 5, 1986, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, DOYLE, BARRY, COLINS and PALLADINO.

*Robert A. MacDonnell,* with him, *Marc A. Landry, Obermayer, Rebmann, Maxwell & Hippel,* for appellant.

*Mark P. Widoff, Widoff, Reager, Selkowitz & Adler, P.C.,* for appellee.

OPINION BY JUDGE PALLADINO, March 24, 1986:

This is an appeal by Abington School District (District) from an order of the Court of Common Pleas of Montgomery County (trial court) which sustained an appeal by William Pacropis (Appellee) and ordered the District to reinstate Appellee to his proper seniority position. We affirm.

Appellee has been a professional employee of the District for twenty-five years, and has been assistant principal of the Abington Junior High School for the last eleven and one-half years. In 1983 the District reorganized its secondary schools. The reorganization included closing the Abington and Huntingdon Junior High Schools and moving into other school buildings the students who previously attended these schools. Because his job had been abolished, Appellee was demoted to a teaching position. It is undisputed that Appellee has more seniority than the person who is serving as assistant principal for the new junior high school.

Appellee appealed the demotion to the Abington School District Board of Directors (Board) which upheld the demotion. Appellee then appealed the Board's decision to the trial court. The trial court sustained the appeal, thereby reversing the Board's decision, and or-

dered that the District reinstate Appellee to a position of proper seniority.[1]

The District appeals the order of the trial court, asserting that Appellee's demotion is governed by Section 1151 of the Public School Code of 1949 (Code)[2] and not by Section 1125.1(c) of the Code.[3] In support of this assertion, the District argues that Section 1125.1(c) applies only to realignments which result in the suspension of professional employees.

The District acknowledges that this Court has held that Section 1125.1(c) applies whenever there is a realignment of professional staff whether the realignment results in a suspension or demotion. *See Gibbons v. New Castle Area School District,* 93 Pa. Commonwealth Ct. 28, 32, 500 A.2d 922, 924 (1985), and the cases cited therein. The District suggests that we overrule this line of cases. This we decline to do.

---

[1] The trial court also denied the District's motion to quash the appeal for lack of jurisdiction.

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151. Section 1151 provides:

The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe

[3] 24 P.S. §11-1125.1(c). Section 1125.1(c) provides:

A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.

The trial court correctly concluded that: (1) the reorganization and consolidation of the secondary schools within the District constituted a realignment within the purview of Section 1125.1(c) of the Code;[4] and (2) the District did not comply with the legislative mandate that realignments must be made "so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes."[5]

Accordingly, we affirm the order of the trial court.

ORDER

AND NOW, March 24, 1986, the order of the Court of Common Pleas of Montgomery County, No. 83-18551, dated September 18, 1984, is affirmed.

---

[4] This Court has held that a consolidation of schools which includes closing one or more of the schools constitutes a realignment. *See, e.g., Gibbons,* 93 Pa. Commonwealth Ct. at 32, 500 A.2d at 924.

[5] 24 P.S. §11-1125.1(c). *See also Gibbons,* 93 Pa. Commonwealth Ct. at 32, 500 A.2d at 924-25.